complaint. The action was to recover the difference between nine dollars per day, paid to the plaintiff as an employee of the board of education in the position of lineman-electrician, and nine dollars and sixty cents per day, during the period from August 1, 1920, to May 15, 1923, to which he claimed to be entitled under chapter 680 of the Laws of 1920, and schedules and by-laws of the board of education adopted June 16,. 1920, pursuant to said law. The Appellate Division held that by virtue of the provisions of the Labor Law, the plaintiff being entitled to the prevailing rate of wages, the board of education had no power to actually fix his wages or to provide any rate as his compensation other than the prevailing rate.

*Maurice Breen* for appellant.

*George P. Nicholson, Corporation Counsel (John F. O'Brien* and *Henry J. Shields* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

A. EUGENE AUSTIN, Respondent, *v.* CHARLES B. MAN-VILLE, Appellant, Impleaded with Another.

*Bills, notes and checks — action to recover on promissory notes — defense that defendant had indorsed same for accommodation of plaintiff — counterclaim for fraud.*

*Austin* v. *Clarke*, 210 App. Div. 807, affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 21, 1924, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon two promissory notes. The answer of defendant, appellant, set up as a defense that he had indorsed and delivered the notes in suit for the benefit and accommodation of the plaintiff and the defendant Walter B. Clarke without receiving any value therefor himself, and as a counterclaim set forth a cause of action

for fraud in favor of said defendant and against the plaintiff for falsely and fraudulently representing the assets and the character of the management of the Pennsylvania and Kentucky Oil and Gas Refining Corporation, thereby inducing the plaintiff to pay upon the order and direction of the plaintiff $20,000 for 10,000 shares of the stock of said corporation, when in truth and fact the said stock was worthless.

*Hobart S. Bird* and *Frank H. Richmond* for appellant.

*Guernsey Price* and *John Edmond Hewitt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

DAYTON M. ROUNDS et al., Respondents, *v.* HERBERT W. FITZGERALD, Appellant.

*Negligence — motor vehicles — collision between van proceed ng along street and truck which approaching from opposite direction turned in front of van to enter intersecting street — erroneous charge.*

*Rounds* v. *Fitzgerald*, 207 App. Div. 534, affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 16, 1924, reversing a judgment in favor of defendant entered upon a verdict and granting a new trial. The action was to recover for damage to plaintiff's van arising from a collision with one of defendant's trucks at the corner of State and Eldredge streets in the city of Binghamton. The two vehicles were approaching each other on opposite sides of State street; the van going south, the motor truck going north. As they approached, they were substantially the same distance from the intersection of the two streets and going at substantially the same rate of speed, about fifteen miles per hour. As defendant's truck approached the intersection the driver made a signal by extending his hand. As he reached the intersection he turned abruptly to his left to enter Eldredge street. He proceeded and the